UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-08245-ODW(JPRx) | Date | September 29, 2020 |
|---|---|---|---|
| Title | Miguel Soto v. Cake Mamas LLC et al | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):** **Order Regarding Prosecution of Certain Cases Under the Americans With Disabilities Act**

The Court has presided over hundreds, if not thousands, of cases under the Americans With Disabilities Act involving physical barriers in places of public accommodation. Most of these cases are brought by a small number of repeat plaintiffs and an even smaller number of law firms. With respect to these cases, the Court finds:

1. The small number of repeat law firms in this area rarely prosecute their cases until the Court sends an order to show cause.

2. Many of these cases result in defaults, which means that in many of these cases the Court is forced to send numerous orders to show cause re: prosecution: for failure to serve, for failure to seek entry of default, and for failure to move for default judgment.

3. The enormous number of these cases, the need to track the lack of prosecution and send repeated orders to show cause has placed a significant burden on the limited resources of the Court.

Therefore, the Court finds that there is good cause to institute a limited scheduling order concerning basic case prosecution for cases under the Americans With Disabilities Act involving physical barriers in places of public accommodation. In such cases:

1. <u>Proofs of Service</u>: Proofs of service for all defendants must be filed within **95 days of the filing of the case** absent a *previously approved* extension of time by the Court or a motion or responsive pleading by all defendants. (The Court expects that complaints will be served on all parties *promptly* after filing.)

2. <u>Requests for Default</u>: For any defendant who fails to respond to the complaint within the time provided by the Federal Rules of Civil Procedure and for whom no extension has been granted, a request for default must be filed **no later than five court days after the time the response to the complaint would have been due.**

3. <u>Motions for Default Judgment</u>: If only defaulted defendants remain in the case – i.e., no other defendants were named or the claims against all other defendants have been resolved either by dismissal, motion, or trial – a motion for default judgment must be filed within **10 calendar days of the last entry of default**. Note that the Court is not generally inclined to enter partial default judgments, and, therefore, a motion for default judgment should not be filed if some defendants have appeared and the case has not otherwise been completely resolved.

The failure to comply with this Order in a particular case will result in a sanction of **$300**–-payable to the clerk of the court within two weeks of Plaintiff being given notice of noncompliance–and dismissal for lack of prosecution. The Court finds these sanctions sufficient and necessary to deter violations of the Order and to achieve timely prosecution of these cases without unnecessary intervention by the Court

**IT IS SO ORDERED.**

                                                                                       : 00

Initials of Preparer   SE